UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE ELIJAH JONES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RICHARD J. DONOVAN<br>CORRECTIONAL FACILITY, et al.,<br><br>　　　　Defendants. | No. 2:23-cv-02960-EFB (PC)<br><br><br>ORDER |

　　　　Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

　　　　The federal venue statute provides that a civil action "may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this action, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

　　　　Venue of this action in the Eastern District of California is based on the presence of one of the defendants, whom plaintiff has identified as "CDCR Administration Policy," employed as

1

1  "Hiring Staff Management at CDCR Sacramento, CA" (ECF No. 1 at 3), neither of which is a
2  proper defendant in this action.  Accordingly, as explained below, the court is transferring this
3  action to the Southern District of California pursuant to 28 U.S.C. § 1404(a) in the interests of
4  justice.
5       To the extent plaintiff intends to bring suit based on a policy of the California Department
6  of Corrections and Rehabilitation (CDCR), it is clear that the policy itself is not a proper
7  defendant and must be dismissed from this 42 U.S.C. § 1983 action.  To the extent plaintiff
8  intends to bring suit against staff or management of the CDCR in Sacramento, it is clear that
9  plaintiff is suing the "Hiring Staff Management" solely in a respondeat superior capacity.
10 Additionally, plaintiff is seeking monetary damages only and has not stated a claim for injunctive
11 relief.  As such, the person(s) and/or entity identified as "Hiring Staff Management" must be
12 dismissed from this 42 U.S.C. § 1983 action.  *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979).
13 Venue would then be improper in this district because no defendant would be found here.  Venue
14 would also be improper because the claims for which plaintiff seeks relief took place in the
15 Southern District, during plaintiff's incarceration at the Richard J. Donovan Correctional Facility
16 in San Diego.  Thus, it is appropriate that those claims be litigated in the Southern District.
17      IT IS THEREFORE ORDERED that this action is transferred to the Southern District of
18 California.

Dated: May 24, 2024

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

2